

FILED
2017 Mar-20 AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CAROL SPRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| RAYMOND JAMES & ASSOCIATES, ) | JURY DEMAND |
| INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## JURISDICTION

1. This Complaint seeks legal and equitable relief to redress Defendant's violations of Plaintiff's rights secured by the following:

    a. The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, as amended;

    b. The Alabama Age Discrimination in Employment Act ("AADEA"), Alabama Code (1975) § 25-1-20; and

    c. The laws of the State of Alabama.

2. Federal subject matter jurisdiction exists pursuant to:

1

      a.     28 U.S.C. §§ 1331, 1343, and 1367; and

      b.     The ADEA, 29 U.S.C. § 626(c)(1).

## PARTIES

3.     Plaintiff Carol Sprich (hereinafter "Sprich") is an individual over the age of forty (40). Sprich is a resident of Helena, Alabama, Shelby County, and was employed by Raymond James & Associates, Inc.

4.     Defendant Raymond James & Associates, Inc. (hereinafter "Defendant" or "Raymond James") is headquartered in St. Petersburg, Florida and incorporated in the State of Florida.

5.     At all times relevant to this Complaint, Defendant was conducting business in Jefferson County, Alabama.

6.     Defendant employs at least twenty (20) persons within the meaning of the ADEA, 29 U.S.C. § 630(b).

7.     Defendant is a Fortune 500 company that operates and employs more than 500 people in various locations nationwide, in Canada, and overseas.

## VENUE

8.     Venue lies in the Northern District of Alabama. 28 U.S.C. § 1391.

## NATURE OF ACTION

9.     Sprich alleges that Defendant engaged in intentional age

2

discrimination and other unlawful employment practices, including negligent and wanton hiring, training, supervision, and retention. This action seeks to redress these grievances resulting from the actions of Defendant, its agents, servants, and employees committed with respect to Sprich's employment and otherwise; and for a permanent injunction restraining Defendant from discriminating against Sprich and others similarly situated on account of age.

10. Sprich seeks make whole relief including reinstatement, back pay, front pay, compensatory damages, liquidated damages, and punitive damages where applicable, plus costs, interest, and attorneys' fees.

## ADMINISTRATIVE PROCEDURES

11. On September 23, 2016, within 180 days of learning of the acts of discrimination of which she complains, Sprich filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination. **(Attached herein as Exhibit A).**

12. Sprich has exhausted all conditions precedent to bringing suit under the ADEA.

13. Sprich's charge has been pending with the EEOC for more than sixty (60) days pursuant to 29 U.S.C. § 626(d)(1).

14. Sprich will supplement the Court with the Notice of Right to

Sue upon receipt from the EEOC.

15. Sprich has met all prerequisites for bringing this action.

## STATEMENT OF CLAIMS

16. Sprich is 68 years of age.

17. Sprich worked for Defendant Raymond James from July 27, 2015 until March 30, 2016, when Defendant terminated her employment.

18. Prior to her termination, Sprich had twenty-five (25) years of investment and compliance experience.

19. Sprich began her employment with AmSouth Corporation, whose investment compliance department merged with Morgan Keegan in 2007.

20. Defendant Raymond James acquired Morgan Keegan in 2013.

21. Around that time, Defendant began laying off employees.

22. Fearing she would lose her job, Sprich voluntarily resigned from Raymond James in 2013 after accepting a position with another company.

23. Defendant rehired Sprich as a Compliance Analyst II on July 27, 2015.

24. During the hiring process, employees of Defendant stated that they were impressed by Sprich's industry experience, her licensure (Series #7, Series #11, and Series #63 licenses), and her previous work history with the

4

company.

25. Defendant did not credit Sprich for her 25+ years of previous experience with Raymond James and its predecessor companies.

26. Upon Sprich's rehire, Defendant gave her an offer letter setting forth the terms of her employment. **(Attached herein as Exhibit B.)**

27. The letter is silent as to any licensure requirements, other than the transfer of Sprich's existing licenses. (*Id.*)

28. In or about November 2015, Sprich's supervisor, Joseph Crane (approximately 50 years old), casually mentioned to Sprich that she should study for the Series #24 General Securities Principal examination.

29. Mr. Crane did not tell Sprich that sitting for the Series #24 exam or obtaining that license was a job requirement.

30. Defendant thereafter provided Sprich with written study materials and told her to review the material during her "down time."

31. On or about February 18, 2016, Sprich sat for the Series #24 exam for the first time at the instruction of Karleen Okins, Compliance Manager, and Crane's direct supervisor. Sprich did not pass.

32. Other members of Sprich's compliance department sat for the same exam, including Shannon Tucker (approximately age 40), Mark Bousson (approximately age 60), and Crane, Sprich's supervisor. They also did

5

not pass the exam.

33. On or about February 26, 2016, Okins gave Sprich a "Letter of Understanding."

34. The letter stated that Sprich's job description required her to pass the Series #24 exam within ninety (90) days of her hire. This was the first time Defendant ever informed Sprich of the alleged new requirement.

35. The letter further stated that if Sprich did not pass the exam by March 25, 2016, Defendant would terminate her employment.

36. The letter stated that Defendant would "pay for training, testing, license, and renewal fees for Associates who work in positions where it has been determined that an industry license is required by regulation or greatly enhances the performance of the individuals in their positions." **(Attached herein as Exhibit C.)**

37. When Sprich notified Mr. Crane of her examination results, she explained that the written study materials Defendant provided did not cover a significant portion of the exam.

38. Crane agreed and stated that the materials did not adequately prepare him either.

39. Crane then stated that online study courses were available that

covered more of the exam, but that Raymond James would not cover the cost.

40. Defendant did not provide Sprich with any further materials, instruction, or aid in preparing for the exam.

41. On March 25, 2016, Sprich sat for the Series #24 a second time. She did not pass.

42. Tucker (approximately age 40) and Bousson (approximately age 60) also sat for the exam a second time. They did not pass.

43. Defendant immediately terminated Bousson's employment.

44. Defendant allowed Tucker to remain employed.

45. On March 28, 2016, Okins sent Sprich an e-mail instructing her to participate in a conference call on March 30, 2016 with Okins, Crane, and Erika Hakimi from Human Resources.

46. During the March 30, 2016 call, Defendant terminated Sprich's employment effective immediately.

47. Defendant alleged that it was for "failure to meet license requirements."

48. Shortly after the call, Okins called Sprich at the Birmingham, Alabama office.

49. Okins told Sprich that the sole reason for her termination was that

she had not obtained the Series #24 license by March 30, 2016.

50. Okins further stated that her termination had nothing to do with any deficiencies in her job performance or work ethic.

51. Sprich asked Okins whether she could be transferred to an open position in lieu of termination.

52. Okins stated that the company would not transfer her because no open positions were available for which Sprich was qualified.

53. Following Sprich's termination, she learned that Raymond James afforded Shannon Tucker (age 40) approximately one (1) month of paid leave from work to study for the exam a third time. It is Sprich's understanding that Tucker sat for and passed the third exam.

54. Defendant did not offer the same opportunity to Sprich or Bousson.

55. Sprich is aware of another employee in the compliance department, approximately 40 years of age, who did not have a Series #24 license at the time that Sprich was terminated.

56. To Sprich's knowledge, that individual has yet to obtain his Series #24 license and is still employed by Defendant.

## COUNT ONE

## AGE DISCRIMINATION UNDER THE ADEA AND AADEA

57. Sprich adopts and realleges paragraphs 1-57 as if fully recited herein.

58. This Count addresses those claims seeking to redress the unlawful employment practices of age discrimination conducted by Defendant Raymond James, its agents, and employees, and ratified by Defendant in violation of federal and state law prohibiting age discrimination.

59. This action seeks to redress grievances resulting from acts of Defendant, its agents, servants, and employees committed with respect to Sprich's employment and for a permanent injunction restraining Defendant from maintaining a policy or practice of discriminating against Sprich and other persons similarly situated on account of age.

60. Sprich is 68 years of age and a member of a protected group.

61. Sprich is qualified to perform the job duties of Compliance Analyst II and has conducted duties consistent with her position in a satisfactory manner for over twenty-five (25) years.

62. Defendant subjected Sprich to discriminatory treatment based on her age.

63. Defendant treated Sprich differently than younger employees

with respect to the terms and conditions of her employment.

64. Defendant treated younger employees with less experience and seniority more favorably than Sprich with respect to the terms, conditions, and pay in her employment.

65. Defendant's unlawful employment practices proximately caused Sprich to suffer financial duress, wage and benefit loss, severe emotional distress, mental anguish, embarrassment, shame, humiliation, physical injury and pain, and trauma for which she claims damages.

66. Sprich seeks declaratory and injunctive relief, award of lost wages and benefits, back pay, front pay, compensatory damages, liquidated damages, costs, interest, attorneys' fees, and such other or further relief the trier of fact may assess.

## COUNT TWO

### NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

67. Sprich adopts and realleges paragraphs 1-5 and 16-57 as if fully recited herein.

68. This is a claim arising under the laws of the State of Alabama to redress the negligent and wanton hiring, training, supervision and retention of Defendant Raymond James' employees.

69. Defendant had a duty to provide a non-discriminatory and non-hostile work environment to Sprich and other employees.

70. Defendant negligently hired employees who were unqualified and/or unwilling to provide a lawful work environment to Sprich and other employees.

71. Defendant negligently and wantonly failed to train and discipline those employees who actively interfered with Sprich's lawful rights and discriminated against her on the basis of age.

72. Defendant failed to administer its own policies against discrimination and failed to regularly and clearly communicate such policies to its managers and employees.

73. Sprich's working conditions created by Defendant were adverse and hostile and intended to cause Sprich financial, physical, or emotional harm.

74. As a proximate result of Defendant's unlawful conduct, Sprich suffered different terms and conditions of employment, severe emotional distress, physical pain and suffering, humiliation, mental anguish, trauma, and embarrassment, and financial loss.

75. Sprich seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, compensatory and

punitive damages for loss of career opportunity, humiliation and embarrassment, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

**WHEREFORE**, Sprich respectfully requests this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging further in its discriminatory treatment on the basis of age;

B.    Order Defendant to institute and carry out policies, practices and programs which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a policy against age discrimination;

C.    Order Defendant to make Sprich whole by providing appropriate front pay, back pay, with prejudgment interest, back pay with prejudgment interest, in amounts to be proved at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory damages, punitive and liquidated damages;

D.    Award Sprich compensatory, punitive and liquidated damages;

E. Award Sprich costs and expenses, including reasonable attorneys' fees; and

F. Award such other and further relief the Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Alicia K. Haynes
Alicia K. Haynes
(ASB-8237-E23A)

/s Sonya C. Edwards
Sonya C. Edwards
(ASB-8848-S73E)
Attorneys for Plaintiff

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
E-mail: scedwards@haynes-haynes.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

<u>**DEFENDANT'S ADDRESS:**</u>

Raymond James & Associates, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**PLAINTIFF'S ADDRESS:**

Ms. Carol Sprich
c/o Alicia K. Haynes and Sonya C. Edwards
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama  35226